FILED
2013 Apr-04  AM 10:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ALICE FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CV-12-S-2417-NE** |
| | ) | |
| **LOGAN'S ROADHOUSE, INC.,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alice Foster, asserts a claim against defendant, Logan's Roadhouse, Inc., for "Negligence/Wantonness by Defendants in Creating or Allowing Dangerous Condition or Defect and Failure to Properly Train and Hire Management Personnel."[1] Plaintiff's claim arises out of injuries she allegedly suffered when she slipped on peanut shells on the floor of one of defendant's restaurants and fell onto the concrete floor at the door of the kitchen.[2]  The case currently is before the court on plaintiff's motion to compel more complete discovery responses from defendant.[3]

Plaintiff served defendant with Interrogatories, Requests for Production, and Request for Admission on June 4, 2012.[4]  The Interrogatories at issue in this motion

---

[1] *See* Complaint, appended to doc. no. 1 (Notice of Removal).

[2] *See id.* ¶¶ 14-21.

[3] Doc. no. 17.

[4] Doc. no. 15 (Affidavit of Rebekah McKinney), at Exhibit 1.

are set forth below:

15.    Identify any complaint, warning, or other notice that Defendant had received prior to the accident at issue regarding the area in which Plaintiff was injured or *any other dangerous condition* or any similar condition at this location *or any other location of Defendant*. For each such complaint, warning, or other notice, state:

(a)    The date and time the complaint, warning, or other notice was received;

(b)    Whether the complaint, warning, or other notice was written or oral, and if oral, the substance of the complaint, warning, or other notice;

(c)    The name, address, and telephone number of the person issuing such complaint, warning, or other notice;

(d)    The name and job title of the person receiving such complaint, warning, or other notice;

(e)    The nature and location of the danger or defect; and

(f)    Whether any action was taken as a result of the complaint, warning, or other notice, and if so, a description of that action and the time the action was taken.

. . . .

19.    Has any prior incident similar to that which injured Plaintiff occurred on Defendant's business premises at this location *or any other of Defendant's locations*?   If so, please state the circumstances surrounding each such incident.

20.    Please describe each prior incident or claimed incident which occurred on Defendant's premises here *or at other locations* involving the peanut shells and/or peanuts on the floor, slick kitchen

2

exits or entrances *or other dangerous conditions*.

      21.    Please describe any claims or lawsuits that have heretofore been brought against this Defendant by reason of an accident or injury on Defendant's business premises here *or at other locations*.[5]

Defendant objected to each of these interrogatories as "vague, ambiguous, overly broad, unduly burdensome, not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence."[6] Defendant also objected to the disclosure of any sensitive or confidential information related to non-parties.[7] Subject to those objections, defendant agreed to produce "a list of slip and falls occurring at the Huntsville restaurant from 2006 to 2011, with the individual's first name, date of the incident, and a description of the incident provided by the individual."[8]

The request for production at issue in plaintiff's motion to compel is:

      6.    Produce documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), regarding Logan [sic] Roadhouse, Inc.'s peanut shells and/or peanuts on the floor and/or slick kitchen entrances or exits that are similar in nature to the incident made the basis of Plaintiff's complaint.[9]

---

[5] *Id.*, Interrogatories ¶¶ 15, 19-21 (emphasis supplied).

[6] McKinney Affidavit, Exhibit 4, Responses to Interrogatories ¶¶ 15, 19-21.

[7] *Id.* Defendant also raised the attorney-client privilege and attorney work product doctrine, but those theories are not at issue in this motion to compel.

[8] *Id.*

[9] *Id.*, Requests for Production ¶ 6 (alteration supplied).

3

Defendant objected to that request for production as "overly broad, unduly burdensome, vague, ambiguous, not limited in time and scope, and is not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this litigation."[10]  Subject to that objection, defendant agreed to produce copies of complaints filed by two different individuals "relating to claimed incidents at the Huntsville restaurant."[11]

Plaintiff asserts that defendant should not be permitted to restrict its disclosures to incidents that occurred at the same location at which she was injured, but should instead be required to disclose *all* past incidents of falls related to peanut shells occurring at *any* time at *any* of defendant's restaurants.  According to plaintiff, the scope of the disclosure should be broadened to all of defendant's restaurants because "they are all operated the same, designed the same, have the same menu, the same themes, the same all-you-can-eat peanuts, and each restaurant encourages its patrons to throw the shells on the floor."[12]  Moreover, plaintiff asserts that such evidence

> is calculated to lead to the discovery of admissible evidence that would show that Defendant was on notice, that it was creating a dangerous condition on its premises, Defendant was aware of the magnitude of danger involved, Defendant had the ability to correct the dangerous condition, Defendant knew that the floors were unsafe for walking, as

[10] McKinney Affidavit, Exhibit 4, Responses to Requests for Production ¶ 6.

[11] *Id.*

[12] Doc. no. 17 ¶ 15.

4

well as to show the standard of care and causation.[13]

The United States District Court for the Southern District of Georgia recently articulated a succinct statement of Eleventh Circuit law governing the admission of evidence of prior similar incidents:

> The Eleventh Circuit has instructed that evidence of prior incidents is admissible "so long as the conditions of the prior incidents are substantially similar to the occurrence in question and are not too remote in time." *Wyatt v. Otis Elevator Co.*, 921 F.2d 1224, 1227 (11th Cir. 1991). This evidentiary doctrine applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example, "notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988). "[T]he proponent of such evidence must show that "conditions substantially similar to the occurrence caused the prior accidents.'" *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 n. 12 (11th Cir. 1997) (quoting *Hessen v. Jaguar Cars*, 915 F.2d 641, 649 (11th Cir. 1990)).

> "In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the 'substantial similarity doctrine.'" *Heath*, 126 F.3d at 1396. "This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Id*.

*Jaquillard v. Home Depot*, No. CV410-167, 2012 WL 527418, *1-2 (S.D. Ga. Feb.

---

[13] *Id.*

16, 2012) (alterations in original).  Based on these principles, the district court in *Jaquillard* held that a slip and fall plaintiff who was injured by falling on a wet floor caused by plant watering in a Home Depot outdoor garden center could not introduce evidence of other slip and falls at other Home Depot stores that were not caused by plant watering.  *Id.* at *2-*3.[14]

As discussed above, it is undisputed that plaintiff is entitled to evidence of prior similar incidents *at the same restaurant at which she was injured.*  The questions thus become whether, under the substantial similarity doctrine, she is entitled to evidence of other incidents at other of defendant's locations, and what prior incidents should be considered "substantially similar" to her own.  Defendant asserts that plaintiff's requests reach beyond what is covered by the substantial similarity doctrine because, read broadly, they could encompass *any* injury caused by *any* hazard on defendant's property,[15] and because they do not contain any time limitation.  The court agrees with defendant on these points.  An injury caused by

[14] The court notes that the issue in *Jaquillard* was whether the plaintiff could *introduce* evidence of other slip and falls, not whether she could obtain such evidence through discovery. The plaintiff apparently already had conducted discovery to determine what other incidents existed, because she knew that there had been 188 prior incidents involving "a fall on a wet floor in an outside garden center of a Home Depot store in the southeastern United States." *Jaquillard*, 2012 WL 527418, at *2.  She also knew which of those incidents were attributable to plant watering, and which were attributable to other factors such as rainwater.  *Id.*

[15] *See, e.g.,* Interrogatory No. 15 (referring to "any other dangerous condition or any similar condition"); Interrogatory No. 21 (requesting information about lawsuits brought as a result of "an accident or injury").

6

some other dangerous condition — for example, a wet floor or an improperly maintained sidewalk — would have no bearing on the issue of whether defendant had notice that peanut shells on the floor constituted a dangerous condition. Only slip and falls caused by peanut shells on the floor would be relevant. *See Jaquillard*, 2012 WL 527418, at *2-3 (allowing evidence of only prior similar incidents which, like the plaintiff's incident, involved plant watering). Moreover, Eleventh Circuit law makes clear that evidence of other prior incidents must not be "too remote in time." *Wyatt*, 921 F.2d at 1227. The court will adopt defendant's suggestion that 2006 to 2011 is a reasonable time period.[16]

The remaining issue is whether plaintiff should be allowed to discover evidence related to peanut shell-related slip and falls at *all* of defendant's restaurants, or only at the Huntsville, Alabama, restaurant where plaintiff was injured. It is true, as defendant points out, that not all Logan's restaurants are identical, and that different restaurants use different flooring material. To account for those differences, plaintiff's requests reasonably can be limited to restaurants, like the Huntsville restaurant where plaintiff was injured, in which the floor is constructed of concrete. Finally, the court concludes that, while a nationwide scope for the discovery sought

---

[16] Despite its objections to plaintiff's requests, defendant agreed to produce evidence of slip and falls at the Huntsville restaurant from 2006 to 2011. *See supra*, at 3.

would be too broad, defendant does not operate nationwide.  Instead, as of January 27, 2013, defendant operated a total of 254 restaurants in 23 states.[17]  Discovery will be allowed in all of defendant's stores in all locations, as long as the other restrictions set forth in this opinion are satisfied.

The court is not persuaded by defendant's argument that "evidence of notice is irrelevant because notice is presumed where, as here, the defendant allegedly created the dangerous condition."[18]  Defendant is correct that, under Alabama law, if it created the hazardous condition that caused plaintiff's injury, plaintiff would not need to prove that it had notice of that condition.  *See Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So.2d 463, 465 (Ala. 1992) ("Where there is substantial evidence that the defendant's actions created the hazardous condition, the plaintiff need offer no further evidence that the defendant had notice of the hazardous condition.").  However, the court is unaware of any stipulation by defendant that it did in fact create the hazardous condition that caused plaintiff's injury.  Until that fact has been established by stipulation or otherwise, plaintiff should be allowed to gather evidence on the subject of whether defendant had notice.

The court also is unpersuaded that complying with plaintiff's requests, with the

---

[17] Doc. no. 21, Exhibit 1 (Affidavit of John Gluth) ¶ 3.
[18] Doc. no. 21, at 7.

restrictions discussed in this opinion, would be unduly burdensome for defendant. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (stating that a court can limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues").  Defendant offered the affidavit testimony of John Gluth, its Senior Director of Risk Management, who stated, in pertinent part:

> 5.    Since 2008, each Logan's restaurant has maintained a database of incident forms completed by it guests.  The database includes only incidents reported in 2008 or later.  The database does not specify the exact cause of a reported injury and cannot generate a list of incidents related to peanut shells.
>
> 6.    Guest incident forms prepared prior to 2008 are stored in hard-copy form in a warehouse in Memphis, Tennessee.
>
> 7.    To provide information regarding all incidents related to peanut shells, Logan's would have to manually review each accident description in each guest incident form.[19]

Defendant undoubtedly will have to spend significant time and effort to obtain the information requested by plaintiff.  Even so, plaintiff should not be prevented from obtaining necessary discovery simply because defendant has chosen to maintain its records in a manner that makes searches difficult and time-consuming.  Overall, the

---

[19] Gluth Affidavit ¶¶ 5-7.

importance of the discovery to plaintiff outweighs defendant's burden in producing it.

In conclusion, plaintiff's motion to compel is GRANTED in part and DENIED in part.  Plaintiff will be entitled to discovery of prior similar incidents of slip and falls caused by peanut shells on the floor at any of defendant's restaurants in which the flooring material is concrete from January 1, 2006 to December 31, 2011, inclusive.  Defendant is ORDERED to produce such discovery within thirty (30) days of the date of this order.  The parties may submit a proposed protective order if one is necessary to protect the privacy of any individuals named in the discovery.

DONE this 4th day of April, 2013.

United States District Judge